IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BETTY JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-17-3007 |
| BANK OF AMERICA, N.A., *et al.*, | * | |
| Defendants. | * | |

\*\*\*\*\*\*

Pending before the Court in this property loan action is the Motion to Dismiss filed by Defendants Bank of America, N.A., and Brian Moynihan. (ECF No. 7.) The matter is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. Upon consideration of the parties' arguments, the Court GRANTS Defendants' Motion to Dismiss.

**I.    BACKGROUND**

This is the fourth case Plaintiff Betty Johnson ("Johnson") has initiated against Defendant Bank of America, N.A. ("BANA") arising from the same loan and the same property. ECF No. 7-1 at 1. The facts and circumstances surrounding that loan and property need not be repeated here, as they were fully set out by United States District Judge Peter J. Messitte in *Johnson v. Bank of America, N.A.*, No. 12-3808, 2013 WL 3989104, at \*1 (D. Md. Aug. 1, 2013).

The present case began on October 12, 2017, when Johnson filed suit against BANA and BANA CEO Brian Moynihan (collectively, "Defendants"), which reads in full:

> "I Betty J. Johnson am filing this Complaint against Bank of America N/A for overcharging my loan; which was a [sic] equity line of credit. The payments were 531.23 a month on a $7,500.00 loan. I am attaching the receipts of these transactions. The interest rate was high for me because iam [sic] a black women [sic] and iam [sic] elderly. To resolve this matter of the overcharged payments, the chief judge of the Orphans Court for Prince Georges County issued a subpoena in the estate of Clarence E. Johnson to

> Bank of America Brian Moynihan CEO, to show cause account, on December 10, 2015 at 9:30. I Betty J. Johnson appeared at the hearing with my four adult children. We waited for two hours after the scheduled hearing time. Know [sic] one from Bank of America appeared to testify. For these reason I Betty J. Johnson am filing in Civil Court a $126,000,000,000.00 lawsuit for pain + suffering."

ECF No. 1 at 1–3.

Johnson has filed three prior lawsuits related to this loan. On September 29, 2009, Johnson filed her first suit against BANA in the United States District Court for the District of Columbia, naming BANA's then-CEO Kenneth Lewis and BANA's foreclosure attorney Allen Feigelson as defendants. ECF No. 7-1 at 3; ECF No. 7-8. The case was dismissed on December 22, 2009. *See* ECF No. 7-8 at 4.

On March 22, 2010, Johnson filed her second suit, this time in Prince George's County Circuit Court, naming BANA, Feigelson, and BANA employee Michael Robles as defendants. ECF No. 7-1 at 4, ECF No. 7-9. The case, following removal to this Court and subsequent remand, was dismissed with prejudice. *See* ECF No. 7-9 at 3–4.

Then, on December 28, 2012, Johnson filed her third lawsuit against BANA, this time before Judge Messitte, naming BANA and BANA employees Lashaun Holland and April Connolly as defendants. ECF No. 7-1 at 5–6, ECF No. 7-14. The case was dismissed with prejudice on both res judicata and statute of limitations grounds. *Johnson*, 2013 WL 3989104, at *2, *3; *see* ECF No. 7-1 at 6.

Summonses in this case were issued on February 1, 2018. *See* ECF No. 6. On February 26, 2018, Defendants filed their timely motion to dismiss, arguing that Johnson's claims are barred under the doctrine of res judicata; the Complaint failed to state a claim sufficient to satisfy Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure; and that the claims fall outside

the applicable statutes of limitations. *See* ECF No. 7-1 at 1. For the reasons stated below, the Court grants Defendants' motion.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court construes the Complaint liberally to ensure that potentially meritorious claims survive challenge. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). That said, the Court cannot ignore a pro se plaintiff's clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."). A court, when reviewing pro se complaints, must not abdicate its "legitimate advisory role" to become an "advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (1985).

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the Complaint includes facts sufficient to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). A plaintiff must plead facts to support each element of the claim to satisfy the standard. *See McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). In so assessing, the Court takes as true all well-pleaded factual allegations and makes all reasonable inferences in the plaintiff's favor. *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The Court does not credit conclusory statements of law, even when couched as allegations of fact. *See Iqbal*, 556 U.S. 678–79; *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

### III. DISCUSSION

#### A. Res Judicata

Res judicata, or claim preclusion, is an affirmative defense barring relitigation of a claim that was or could have been decided in an original suit. *Johnson*, 2013 WL 3989104, at *3 (quoting *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161–62 (4th Cir. 2008)). "Res judicata is ultimately governed by whether the present case has already been decided, and whether the party has previously had a fair shot with respect to the claims raised in the present action." *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 378 (4th Cir. 2017). "Under the doctrine of res judicata, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *LVNV Funding, LLC v. Harling*, 852 F.3d 367, 371 (4th Cir. 2017), *as amended* (Apr. 6, 2017) (internal quotation marks and citation omitted). Res judicata applies when (1) there is a prior judgment, which was final and on the merits, and was rendered by a court of competent jurisdiction; (2) the parties in the second action are identical to, or in privity with, the parties in the first action; and (3) the claims in the second action are based on the same cause of action as in the first. *Id.*; *see Johnson*, 2013 WL 3989104, at *3. "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)).[1]

In the case now under consideration, Johnson named BANA and Moynihan as defendants. ECF No. 1-1. Because Moynihan is in privity with BANA and BANA has been

---

[1] When considering the preclusive effect of the previous Maryland state-court decision, the Court considers the purpose and elements of res judicata under Maryland law. Those elements and purposes are identical in all meaningful respects with the res judicata factors listed above. *See Johnson*, 2013 WL 3989104, at *3–*4 (quoting *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161–62 (4th Cir. 2008)).

named twice previously, res judicata may apply as to claims raised between the parties in this case. *See, e.g.*, *Jacobs v. Venali, Inc.*, 596 F. Supp. 2d 906, 913 (D. Md. 2009) ("Maryland courts have held that an employee in a new suit is in privity with his employer from a previous suit for purposes of res judicata.").

Next, the Court must determine whether the causes of action that Johnson asserts in this case are sufficiently related to the claims raised in her prior cases. For this inquiry, the Court must assess whether the new claims arise out of the same transaction or series of transactions as the prior claims—that is, if they arise out of the same nucleus of facts. *Johnson*, 2013 WL 3989104, at *4 ("Newly articulated claims based on the same transactional nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." (quoting *Laurel Sand & Gravel, Inc.*, 519 F.3d at 162) (internal marks omitted)). Although Johnson alluded to alleged discrimination in this Complaint, any claimed discrimination relates to the same loan and the same property that have been the bedrock of each of Johnson's previous suits against BANA. Certainly, without new facts or supporting documentation giving rise to a new claim, the Court must conclude that Johnson "previously had a fair shot with respect to the claims raised" in this action, *see SAS Inst.*, 874 F.3d at 378, and that her present claims could have been raised in her previous actions, *see Johnson*, 2013 WL 3989104, at *4. Thus the Court finds that the claim in this case is meaningfully identical to those previously filed.

Lastly, because "[d]ismissals with prejudice . . . are treated as final judgments on the merits for purposes of res judicata," *Jacobs*, 596 F. Supp. 2d at 914, Johnson's second and third cases against BANA both constitute final judgments on the merits. *See Johnson*, 2013 WL

5

3989104 at *4–*5. Accordingly, all elements of res judicata are satisfied. Defendants' motion to dismiss on res judicata grounds is granted.

### B. FRCP 8(a) and 12(b)(6)

Alternatively, dismissal is warranted because Johnson has failed to state a claim. To survive challenge, Johnson's Complaint must put forward a short and plain statement showing that she is entitled to relief. *See* Fed. R. Civ. P. 8(a). Further, she must plead facts sufficient to show that her claim is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); Fed. R. Civ. P. 12(b)(6).

Here, Johnson merely makes conclusory allegations that BANA was "overcharging [her] loan." ECF No. 1 at 1. Although Johnson attaches to her Complaint receipts, letters, and court documents, the attachments do not factually support her allegations. *See generally* ECF No. 1.

Johnson also alleges that BANA charged a higher interest rate on her loan because she is an elderly black woman. ECF No. 1 at 1. Given Johnson's pro se status and the Court's obligation to read the Complaint liberally, the Court construes this as a discrimination claim under the Equal Credit Opportunity Act ("ECOA") or the Fair Housing Act ("FHA"). *See* 15 U.S.C. § 1691(a)(1) (creditors may not "discriminate against any applicant, with respect to any aspect of a credit transaction" on the basis of race, color, sex, or age); 42 U.S.C. § 3605(a) (persons "engaging in residential real estate-related transactions [may not] discriminate against any person . . . because of race, color, [or] sex"). Under the ECOA and the FHA, a plaintiff must show direct evidence of discrimination or establish a prima facie case of discrimination. *See Boardley v. Household Finance Corp. III*, 39 F. Supp. 3d 689, 709 (D. Md. 2014). Again, the Complaint does not meet the requisite pleading standard because it includes only conclusory allegations of race, sex, and age discrimination with no facts averred in support. Nor do

6

Johnson's attachments shed light on such a claim. Accordingly, Johnson has failed to state a claim on which relief may be granted, and her Complaint properly is dismissed on this ground as well.

### C. Statute of Limitations

Finally, Johnson's claims also are time-barred. The parties' contractual relationship underlying the loan appears to have ended in October 6, 2008, at the latest. *See* ECF No. 7-1 at 12; ECF No. 7-6. Even construing Johnson's pro se Complaint liberally, the Court can discern no reading which permits timely claims to proceed. To the extent Johnson is attempting to assert breach of contract and fraud claims, Johnson was required to bring such claims within three years of the date in which the alleged misconduct occurred. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101. To the extend Johnson claims discrimination under the ECOA or the FHA, those claims must be brought within five years and two years, respectively, from the date of Defendants' alleged discriminatory acts. *See* 15 U.S.C. § 1691e(f); 42 U.S.C. § 3613(a)(1)(A). Because Johnson filed her Complaint nearly a decade after her contractual relationship with BANA ended, all claims are time-barred.

## IV. CONCLUSION

Johnson's Complaint is barred by res judicata, time-barred by all potentially applicable statutes of limitations, and fails to state a claim under Federal Rules of Civil Procedure 8(a) and 12(b)(6). The Complaint, therefore, is dismissed with prejudice.

For the reasons stated in this Memorandum Opinion, it is this 15th day of June, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motion to Dismiss filed by Defendants BANK OF AMERICA, N.A., and BRIAN MOYNIHAN (ECF No. 7) BE, and the same hereby IS, GRANTED;

2.	The Complaint filed by Plaintiff BETTY JOHNSON (ECF No. 1) BE, and the same herby IS, DISMISSED WITH PREJUDICE;

3.	The Clerk is directed to transmit copies of this this Memorandum Opinion and Order to the parties and to CLOSE this case.


6/15/2018	/S/
Date	Paula Xinis
	United States District Judge